IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

KIMBERLY POFF,                               )
                                             )
                Plaintiff,                   )
                                             )
vs.                                          )   Case No. CIV-14-1438-C
                                             )
STATE OF OKLAHOMA ex rel. THE                )
OKLAHOMA DEPARTMENT OF                       )
MENTAL HEALTH AND                            )
SUBSTANCE ABUSE SERVICES;                    )
BOARD OF DIRECTORS FOR THE                   )
OKLAHOMA DEPARTMENT OF                       )
MENTAL HEALTH AND SUBSTANCE                  )
ABUSE SERVICES; (3) TERRI WHITE,             )
Commissioner and Chief Executive Officer     )
of the Oklahoma Department of Mental         )
Health and Substance Abuse Services;         )
DURAND CROSBY, Chief Operating               )
Officer of the Oklahoma Department of        )
Mental Health and Substance Abuse            )
services; and CRATUS DEWAYNE                 )
MOORE, General Counsel of the                )
Oklahoma Department of Mental Health         )
and Substance Abuse Services,                )
                                             )
                Defendants.                  )

## MEMORANDUM OPINION AND ORDER

Plaintiff was employed by Defendant Department of Mental Health and Substance

Abuse Services as an inspector general. Following her termination by Defendants, she filed

the present action raising a number of claims under the United States and Oklahoma

Constitutions, as well as claims for violation of federal employment laws and state tort law-

based claims. Defendants Oklahoma Department of Mental Health and Substance Abuse

Services and Board of Directors for the Oklahoma Department of Mental Health and

Substance Abuse Services ("Department") filed the present Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) seeking dismissal of certain of Plaintiff's claims.

1.  Burk Tort

Plaintiff brings a tort claim pursuant to Burk v. K-Mart Corp., 1989 OK 22, 770 P.2d 24.  A Burk tort is an exception carved out of Oklahoma's at-will employment regime allowing an employee to bring a tort claim in the event the employee believes her termination violated Oklahoma's public policy.  Plaintiff has asserted three potential bases for her Burk tort claims.  First, speech in opposition to various alleged acts of sexual harassment, specifically that the manner in which Defendant Department handled claims of sexual harassment was improper.  Plaintiff relies upon the Oklahoma Anti-Discrimination Act, 25 Okla. Stat. § 1302 et seq. ("OADA").  Second, Plaintiff claims she was wrongfully terminated for complaining about wrongdoing at NARCONON, relying on 43A Okla. Stat. § 304-2, and finally that she was terminated because she refused to publish a report regarding wrongdoing at NARCONON, relying for the public policy on Article 2, Sec. 22, of the Oklahoma Constitution.  In each instance, Plaintiff complained about the manner in which her employer handled certain acts allegedly in violation of the Oklahoma Constitution, state or federal law, rule, or policy, or were mismanagement or an abuse of authority.  In this regard, each of Plaintiff's complaints falls within the scope of wrongs about which state employees are protected from reporting by the Oklahoma Whistleblower Act.  See 74 Okla. Stat. § 840-2.5(B).  Thus, despite Plaintiff's attempts to assign various other statutes for her public policy, in reality her claims center on termination in violation of Oklahoma's

Whistleblower Act which prohibits a governmental entity from taking action against an employee for engaging in activities protected by the Act.  Thus, Plaintiff's various claims of public policy are, in effect, premised on the public policy set forth by Oklahoma's Whistleblower Act, rather than the individual statutes or constitutional provisions on which she relies.  In Shephard v. CompSource Oklahoma, 2009 OK 25, 209 P.3d 288, the Oklahoma Supreme Court held that the remedies provided by the Whistleblower Act are sufficient to protect Oklahoma's public policy and therefore a Burk tort would not be permitted.  Id. at ¶ 12, p. 293.

The Court is mindful that it has previously ruled that Shephard was narrower than that now argued;[*] however, the Oklahoma Supreme Court's statement in Rouse v. Grand River Dam Auth., 2014 OK 39, ¶ 20, 326 P.3d 1139, 1142, is unequivocal:

> The relationship between state employees and those who hire and fire them is one of the core sovereign interests of the State of Oklahoma.  In the Whistleblower Act, the Legislature has balanced the need for supervisors and the appointing authorities to manage employees who carry out their agency's mission against the benefits of having those employees report "a violation of . . . state or federal law" in the operation of the agency.  The Legislature has determined that this state's sovereign interest is better served by the remedies and penalties in the Whistleblower Act, rather than by a suit in court.

In light of this pronouncement by the Oklahoma Supreme Court, it is clear that any claims of wrongdoing by state employees are limited to the Whistleblower Act rather than a Burk

---

[*] See Trant v. Oklahoma, 874 F. Supp. 2d 1294 (W.D. Okla. 2012), and Newby v. Okla. ex rel. Okla. Dep't of Pub. Safety, Case No. CIV-10-1153-C, 2011 WL 6883735 (W. D. Okla. Dec. 28. 2011).

tort.  Therefore, Defendant Department's Motion to Dismiss Plaintiff's <u>Burk</u> tort claims will be granted.

2.  Negligent Training/Supervision

Defendant challenges Plaintiff's claim for negligent training/supervision.  In short, Plaintiff argues that the Department failed to exercise its duty of care in training, supervising, or retaining the employees of the Department of Mental Health and Substance Abuse Services and as a result those employees misused their authority by retaliating against her. Defendant Department seeks dismissal of this claim, arguing that Oklahoma has never recognized such a tort involving an employer.  Rather, the only time such a negligent training or supervision claim is recognized is when an employee harms a third party.  According to Defendant, the Oklahoma Supreme Court has repeatedly recognized that Oklahoma is an at-will employment state and that any exceptions to that rule should be narrowly construed, <u>see City of Jenks v. Stone</u>, 2014 OK 11, ¶ 13 n.6, 321 P.3d 179, 183 n.6, and that Plaintiff's request for a negligent training and supervision claim would create a new exception to the employment at-will doctrine.

In response, Plaintiff does not offer any legal authority to demonstrate Oklahoma would recognize the claimed tort; rather, she argues that she should be permitted to conduct discovery to discover the facts necessary to establish her claim.  However, before she is entitled to conduct discovery, she must first demonstrate that a legal claim exists.  As Defendant Department notes, there simply is no authority to support Plaintiff's claim.  The Court finds that Oklahoma would not recognize a claim by an employee for negligent hiring

or training of her supervisor because such a finding would improperly narrow the scope of Oklahoma's employment at-will doctrine. Accordingly, Defendant Department's Motion to Dismiss will be granted on this point.

3.  ADEA

Defendant Department challenges Plaintiff's claims for age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634. Plaintiff concedes that the Department, as an agency of the State, enjoys sovereign immunity with regard to a claim under the ADEA. Therefore, Defendant Department's Motion to Dismiss will be granted on this point.

4.  Sex Discrimination

Defendant Department argues that Plaintiff has failed to plead facts sufficient to support her sexual discrimination claim. Defendant Department then goes on to identify several respects in which it alleges her allegations of sexual discrimination are insufficient. After considering Defendant's argument, Plaintiff's Amended Complaint, and Plaintiff's Response, the Court finds that Plaintiff has pleaded sufficient facts to apprise Defendant of the nature of her claim. The shortcomings asserted by Defendant are issues that can be readily addressed through discovery to clarify any additional points necessary to understand the details of Plaintiff's Complaint Defendant. Department's Motion will be denied on this issue.

5.  Punitive Damages

Finally, Defendant Department challenges Plaintiff's request for punitive damages. Plaintiff acknowledges that her claim for punitive damages is barred so she would voluntarily dismiss the punitive damages claim. Therefore, Defendant Department's Motion to Dismiss will be granted on this point.

6.  Board

Defendant Department argues that Plaintiff's claims against Defendant Board of Directors should be dismissed because that body is not a separate legal entity.  In the alternative, Defendant Department argues the Board should be dismissed because the claims against that body are duplicative of the claims against the Department.  In response, Plaintiff argues that Defendant Department has failed to offer any legal authority demonstrating that a governing body may not be joined as a defendant.  Plaintiff also directs the Court to provisions of Oklahoma's Administrative Code which imposes its rules on both the Department and the Board.

The only remaining claim asserted against Defendants Department and Board is Plaintiff's claim for sex discrimination in violation of Title VII, 42 U.S.C. § 2000e et seq. Under that statute, Plaintiff must proceed against her employer.  However, neither Defendant Board not Defendant Department has offered authority demonstrating which was Plaintiff's employer for Title VII purposes.  Consequently, the Motion to Dismiss will be denied on this issue.

## CONCLUSION

For the reasons set forth herein, the Department and Board's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 24) is GRANTED in part and DENIED in part.  Plaintiff's <u>Burk</u> tort claims, negligent training/supervision, ADEA, and punitive damage claims fail as a matter of law.  Because no amendment could cure the defects, these claims are DISMISSED with prejudice.  Plaintiff's claim for violation of Title VII remains.

IT IS SO ORDERED this 29th day of April, 2015.

ROBIN J. CAUTHRON
United States District Judge