IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMBERLY POFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-14-1438-C |
| | ) |
| STATE OF OKLAHOMA ex rel. THE | ) |
| OKLAHOMA DEPARTMENT OF | ) |
| MENTAL HEALTH AND | ) |
| SUBSTANCE ABUSE SERVICES; | ) |
| BOARD OF DIRECTORS FOR THE | ) |
| OKLAHOMA DEPARTMENT OF | ) |
| MENTAL HEALTH AND SUBSTANCE | ) |
| ABUSE SERVICES; (3) TERRI WHITE, | ) |
| Commissioner and Chief Executive Officer | ) |
| of the Oklahoma Department of Mental | ) |
| Health and Substance Abuse Services; | ) |
| DURAND CROSBY, Chief Operating | ) |
| Officer of the Oklahoma Department of | ) |
| Mental Health and Substance Abuse | ) |
| services; and CRATUS DEWAYNE | ) |
| MOORE, General Counsel of the | ) |
| Oklahoma Department of Mental Health | ) |
| and Substance Abuse Services, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff was employed by Defendant Department of Mental Health and Substance Abuse Services as an inspector general. Following her termination by Defendants, she filed the present action raising a number of claims under the United States and Oklahoma Constitutions, as well as claims for violation of federal employment laws and state tort law-based claims. Of import here is a First Amendment Claim alleging violation of Plaintiff's right of free speech. Defendants Terry White, Durand Crosby, and Cratus Dewayne Moore,

in their individual and representative capacities ("Employee Defendants") seek dismissal of this claim. Plaintiff's claim of free speech violations centers around her allegation that the leadership of the department wished to hide the findings of her investigation from the Board of Directors. There are two paragraphs in Plaintiff's First Amended Complaint that relate to her free speech claim. The first is ¶ 44, which states: "Kimberly Poff was very vocal in 2012 and 2013 about her objection to ODMHSAS's decision to bury the official report on the NARCONON facility and Kimberly Poff believes her objection to the decision to bury the findings of the NARCONON investigation directly relate to her termination by the Department."

The second is ¶ 61, which states: "Kimberly Poff engaged in protected speech when, in 2012 and 2013, she was very vocal regarding her objection to the position of ODMHSAS to bury the final investigative report on NARCONON, an act she reasonably believed was an abuse of authority and that presented a substantial and specific danger to public health or safety."[1] The remainder of the allegations related to this speech in Plaintiff's Complaint clarify that it was Plaintiff's attempts to report her findings to the Board that were allegedly suppressed or restricted by the Employee Defendants.

---

[1] Plaintiff repeats these allegations in ¶¶ 87-97 to allege the same claim against the Employee Defendants in their individual capacities. The Court's resolution is equally applicable to the individual capacity claims.

The parties are in dispute over the proper legal standard applicable to Plaintiff's speech.  Defendants argue that it should be analyzed pursuant to the Garcetti/Pickering[2] analysis.  In contrast, Plaintiff argues that her free speech claim is not governed by Garcetti/Pickering, but by Worrell v. Henry, 219 F.3d 1197 (10th Cir. 2000). Plaintiff argues the Garcetti/Pickering analysis only applies when the free speech restriction occurs by an employer, while Worrell applies in other instances.  She argues that the Employee Defendants were not her employer and therefore Worrell is the proper test.  Because Plaintiff's claims fail under both tests, it is unnecessary to resolve which applies here.

Following the teachings of Garcetti and Pickering, the Tenth Circuit established a five-step process to analyze free speech claims.  Brammer-Hoelter v. Twin Peaks Charter Acad., 492 F.3d 1192, 1202 (10th Cir. 2007).  Those steps are:  First, the Court must determine if the employee was speaking as a citizen or pursuant to official duties.  Id.  If the speech was pursuant to official duties, there is no First Amendment protection.  Id.  "Second, if an employee does not speak pursuant to his official duties, but instead speaks as a citizen, the court must determine whether the subject of the speech is a matter of public concern." Id.  "Third, if the employee speaks as a citizen on a matter of public concern, the court must determine 'whether the employee's interest in commenting on the issue outweighs the interest of the state as employer.'"  Id., at 1203, quoting Casey v. W. Las Vegas Indep. Sch. Dist., 473 F.3d 1323, 1327 (10th Cir. 2007).  Fourth, was the speech a substantial or

---

[2] Garcetti v. Ceballos, 547 U.S. 410 (2006); Pickering v. Board of Education, 391 U.S. 563 (1968).

motivating factor in the employment decision. Brammer-Hoelter, 492 F.3d at 1203. Finally, if the speech was a factor, can the employer show the same decision would have been made absent the speech. Id. "The first three steps are to be resolved by the district court, while the last two are ordinarily for the trier of fact." Id.

Here, Plaintiff's claims fail at the first step. In evaluating the nature of the speech, the Court must determine whether the speech was made within the scope of Plaintiff's employment duties. If the speech is consistent with the type of activities the employee was paid to do, it is made within the scope of employment. Green v. Bd. of Cnty. Comm'rs, 472 F.3d 794, 801 (10th Cir. 2007). The facts of Plaintiff's Amended Complaint make clear that the report was prepared within the course of her official duties. Indeed, Plaintiff characterizes the report as a report to leadership and defines "leadership" as including the Employee Defendants. Paragraph 24 of her Amended Complaint outlines Plaintiff's duties as Inspector General "were to investigate misconduct, not only within state-operated facilities, but also within management and staff of ODMHSAS." Consequently, the Court finds that Plaintiff's attempts to publish her report or speak about the findings of her report were made pursuant to her official duties. Thus, there is no First Amendment protection for her speech.

Additionally, the Court notes that even were it to have found Plaintiff had satisfied the first three steps of the Garcetti/Pickering analysis, Plaintiff's claim would fail at the fourth step. At that step, Plaintiff must show that her speech was a substantial motivating factor in a detrimental employment decision. However, in her response brief, Plaintiff takes

great pains to argue that the Employee Defendants were not her employer and did not have the authority or power to terminate her. Therefore, Plaintiff has failed to set forth facts in her Complaint from which a reasonable jury could find that her speech led to her termination or any other employment decision. Thus, her First Amendment claim would be subject to dismissal on that basis, as well.

As noted above, Plaintiff argues that her free speech claim is not properly analyzed under Garcetti/Pickering because the Employee Defendants did not have authority to make employment decisions about her. She argues instead that the analysis set forth in Worrell should apply. Under that case, in order to succeed on a free speech retaliation claim, the plaintiff must prove "(1) that the plaintiff 'was engaged in constitutionally-protected activity'; (2) that the defendant's actions caused the plaintiff 'to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity'; and (3) that the 'defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.'" Id. at 1212 (quoting Lackey v. Cnty. of Bernalillo, N.M., No. 97-2265, 1999 WL 2461, at 3 (10th Cir. Jan. 5, 1999)).

As Defendants note in their Reply brief, simply applying Worrell does not excuse Plaintiff from her burden of demonstrating that her speech was entitled to protection. That is, there still has to be a showing that the speech was outside the scope of her official duties. See Leverington v. City of Colo. Springs, 643 F.3d 719, 733 (10th Cir. 2011). For the reasons set forth above, Plaintiff's claim fails this test.

Plaintiff's First Amended Complaint also fails to plead facts demonstrating that her speech led to her termination. She offers a conclusory statement to this effect, but fails to demonstrate that the Employee Defendants played a role in her ultimate termination. Indeed, her response to their present Motion to Dismiss seems to disavow that those individuals played any role in her termination.

## CONCLUSION

Because Plaintiff has failed to demonstrate that her speech was protected by the First Amendment, her 42 U.S.C. § 1983 claim must fail. Consequently, Employee Defendants' Motion to Dismiss (Dkt. No. 23) is GRANTED. Plaintiff's First Amendment claims fail as a matter of law. Accordingly, they are dismissed with prejudice. Because those are the only claims raised against Defendants Terry White, Durand Crosby, and Cratus Dewayne Moore those individuals are DISMISSED. A separate judgment will issue at the close of this case.

IT IS SO ORDERED this 29th day of April, 2015.

ROBIN J. CAUTHRON
United States District Judge