## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)   KIMBERLY POFF, | |
| Plaintiff, | |
| v. | Case No. CIV-14-1438-C |
| (1)   STATE OF OKLAHOMA *ex rel* THE OKLAHOMA DEPARTMENT OF MENTAL HEALTH AND SUBSTANCE ABUSE SERVICES; | |
| (2)   THE BOARD OF DIRECTORS FOR THE OKLAHOMA DEPARTMENT OF MENTAL HEALTH AND SUBSTANCE ABUSE SERVICES; | |
| (3)   TERRI WHITE, Commissioner and Chief Executive Officer of the Oklahoma Department of Mental Health and Substance Abuse Services; | |
| (4)   DURAND CROSBY, Chief Operating Officer of the Oklahoma Department of Mental Health and Substance Abuse Services; and | |
| (5)   CRATUS DEWAYNE MOORE, General Counsel of Oklahoma Department of Mental Health and Substance Abuse Services, | |
| Defendants. | |

## EMPLOYEE DEFENDANTS' APPLICATION FOR ATTORNEY'S FEES

Defendants Terri White, Durand Crosby, and Cratus Dewayne Moore, as well as originally-named Defendant Ellen Buettner (collectively, "Employee Defendants") ask that the Court award the Employee Defendants the attorney's fees incurred in responding to and successfully defending against the claims filed against them by the Plaintiff.

As discussed in more detail below, the Employee Defendants are the prevailing party on all claims asserted against them by the Plaintiff.  Several of the claims asserted

against the Employee Defendants are based on statutes that provide for an award of attorney's fees to the prevailing party (*i.e.* the Plaintiff's claims pursuant to Section 1983, Title VII, and the Oklahoma Anti Discrimination Act ("OADA")).

As to the Plaintiff's remaining claims, the Employee Defendants submit that an award of attorney's fees is appropriate because such claims clearly lacked any legal and/or factual support, to the point of frivolity.  Accordingly, as to these claims, the Employee Defendants respectfully request that the Court draw upon its inherent powers, by awarding the Employee Defendants the attorney's fees incurred in this matter.

## RELEVANT PROCEDURAL HISTORY

1.     On August 8, 2014, the Plaintiff filed suit against the Oklahoma Department of Mental Health and Substance Abuse Services (the "Department") and the Department's Board of Directors (the "Board").  The thrust of the Plaintiff's original petition was that she was wrongfully terminated from her former position as Inspector General for the Department, in retaliation for certain speech and conduct that the Plaintiff claimed was protected by various state and federal laws.  (Doc. 1-1).

2.     Against this backdrop, the Plaintiff asserted nine separate counts against the Department and the Board, each count setting forth a theory as to why the Plaintiff's termination was allegedly wrongful.  Specifically, the Plaintiff's original nine causes of action were styled as follows:

Count 1 – "Retaliation Discrimination"

Count 2 – "Age Discrimination"

Count 3 – "Sex Discrimination"

1

Count 4 – "42 U.S.C. Violations of Constitutional Rights"

Count 5 – "42 U.S.C. § 1983 Due Process Violations"

Count 6 – "Negligence and Negligent Training and Supervision"

Count 7 – "Violation of Oklahoma Public Policy"

Count 8 – "Violation of the Whistleblower Act"

Count 9 – "Civil Conspiracy"

3.     In addition to naming the Board and the Department, the Plaintiff chose to name the Employee Defendants in her lawsuit, ***both in their individual and official capacities***.  For her claims against the Employee Defendants, the Plaintiff asserted the exact same nine causes of action against these individuals that she asserted against the Department and the Board.

4.     On December 31, 2014, the Department, the Board, and the Employee Defendants filed a timely Notice of Removal to this Court.  (Doc. 1).

5.     On January 20, 2015, the Employee Defendants filed a Motion to Dismiss each of the nine claims asserted against them on the basis that each of the claims failed as a matter of law against the Employee Defendants.   (Doc. 17).   While the specific arguments for dismissal are set forth in full in the Employee Defendants' Motion to Dismiss, they are summarized as follows:

- That the Plaintiff's first three causes of action failed as a matter of law to the extent predicated on Title VII and/or the Oklahoma Anti Discrimination Act, since neither statute authorizes individual capacity suits (either in a direct action or through a *Burk* tort).  (Doc. 17, pp. 4 – 7);

- That the Plaintiff's *Burk* tort claims failed to identify any violation of Oklahoma Public Policy.  (Doc. 17, pp. 9 – 11);

- That the Plaintiff's negligence claims failed to establish any duty owed by the Employee Defendants or allege the existence of proximate cause.  (Doc. 17, pp. 11 – 13);

- That the Plaintiff's claim for civil conspiracy failed to allege any underlying unlawful conduct. (Doc. 17, pp. 14 – 15);

- That the Plaintiff could not prevail against the Employee Defendants pursuant to the Oklahoma Whistleblower Act, because it provides for no private right of action.  (Doc. 17, p. 15);

- That the Plaintiff's Section 1983 claim for an alleged deprivation of her First Amendment rights failed to identify any instance of protected speech. (Doc. 17, pp. 16 – 19);

- That the Plaintiff's Section 1983 claim based on an alleged violation of procedural due process failed to identify a protected property interest.  (Doc. 17, pp. 19 – 21);

- That the Plaintiff's Section 1983 claims were barred by the doctrine of qualified immunity.  (Doc 17, pp. 22 – 24); and

- That the Plaintiff's state law claims against the Employee Defendants in their official capacities were redundant of the claims against the Board and the Department.  (Doc. 17, pp. 24 – 25).

6.     On February 6, 2015, the Plaintiff's attorney contacted counsel for the Employee Defendants to request additional time to respond to the pending Motion to Dismiss.  At that time, the Plaintiff's attorney also advised that she intended to file an Amended Complaint to specifically address some of the issues raised in the Employee Defendants' then-pending motion.  Based on discussions with the Plaintiff's attorney, it was the impression of counsel for the Employee Defendants that the Plaintiff's Amended Complaint would drop the claims against the Employee Defendants altogether.

7.     The Plaintiff filed her Amended Complaint on February 25, 2015.  (Doc. 21).  The Plaintiff's Amended Complaint dropped eight of the original nine causes of action against the Employee Defendants.  The Plaintiff also dropped one of the Employee Defendants (Ellen Buettner) from the lawsuit altogether.

8.     However, the Plaintiff did not follow suit with respect to the three remaining Employee Defendants and continued to pursue them under the auspices of a Section 1983 Claim, predicated on an alleged denial of the Plaintiff's exercise of the First Amendment rights of speech.  (Doc. 21, ¶¶ 55 – 65, 87 – 97).

9.     Upon the filing of the Plaintiff's Amended Complaint, counsel for the Employee Defendants contacted counsel for the Plaintiff to inquire as to why the Employee Defendants had not been dismissed from the lawsuit, altogether.  In response, counsel for the Plaintiff advised that in her view, it was better to leave the Employee Defendants in, and dismiss them at a later date (rather than dismissing them now, and potentially having to ask for leave to add them later).

10.    Despite having full knowledge of the legal arguments raised in the previously filed Motion to Dismiss, the Plaintiff's Amended Complaint still failed to state an actionable theory against the Employee Defendants.  This was confirmed when the Plaintiff's remaining claims against the Employee Defendants were dismissed on April 29, 2015, without leave to amend the pleadings for a second time.  (Doc. 32).

11.    In dismissing the Plaintiff's Section 1983 claim predicated on an alleged violation of her right to free speech, the Court ruled that the speech relied upon as the predicate for this claim was clearly made pursuant to the Plaintiff's official duties, and

not as a citizen.  Accordingly, the Plaintiff failed to establish protected speech.  (Doc. 32, p. 4) ("Consequently, the Court finds that Plaintiff's attempts to publish her report or speak about the findings of her report were made pursuant to her official duties.  Thus, there is no First Amended protection for her speech.")

12.     In addition, the Court noted that, even if the Plaintiff had established the element of protected speech, her Section 1983 claims would still fail against the Employee Defendants, by virtue of the Plaintiff's own contention that the Employee Defendants were not her employer and did not have the authority to terminate her.  (Doc. 32, pp. 4 – 5) ("Plaintiff takes great pains to argue that the Employee Defendants were not her employer and did not have the authority or power to terminate her.")

13.     As set forth below, the Plaintiff's pursuit of the Employee Defendants, in the absence of any cognizable legal claims against them, has caused the State to incur attorney's fees, on behalf of the Employee Defendants, which they now seek to recover. Several of the claims originally asserted by the Plaintiff against the Employee Defendants were based on statutes that, quite clearly, did not authorize the filing of individual capacity suits.  Further, and on a more fundamental level, the Employee Defendants submit that it was frivolous and unreasonable for the Plaintiff to sue the Employee Defendants individually, on various claims of wrongful termination, while simultaneously disavowing that the Employee Defendants had any authority, power, or role in the Plaintiff's termination.

<u>**ARGUMENT & AUTHORITY**</u>

**I.     THE COURT IS AUTHORIZED, BY STATUTE, TO AWARD THE EMPLOYEE DEFENDANTS' ATTORNEY'S FEES ON THE PLAINTIFF'S CLAIMS UNDER SECTION 1983, TITLE VII, & THE OADA.**

As noted above, the Plaintiff, in her original petition filed in state court, asserted claims against the Employee Defendants arising from 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, and the OADA.[1]

Each of these three statutes authorizes the Court to award attorney's fees, in its discretion, to the prevailing party. 42 U.S.C. § 1988(b) ("In any action to enforce a provision of section[ ] . . . 1983 . . ., the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ."); 42 U.S.C. § 2000e-5(k) ("In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs . . . ."); 25 O.S. § 1350(H) ("In any action or proceeding under this section, the court may allow a prevailing plaintiff or defendant a reasonable attorney fee.")

"Although the statutory language vests discretion in the court, the prevailing party 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Cox v. Council for Developmental Disabilities, Inc.*, No. CIV-12-

---

[1] For reasons that are unclear to the Employee Defendants, the Plaintiff's OADA claim was rather vaguely asserted as a public policy tort, even though the private right of action authorized by the OADA has displaced the *Burk* tort. *See* (Doc. 1-1, *Petition*, at ¶¶ 105 – 110). Regardless of the Plaintiff's motives, it is clear that she attempted to invoke the protections of the OADA by virtue of the fact that she specifically mentioned the OADA in her cause of action for "Violation of Oklahoma Public Policy." *Id.* at ¶ 86.

0183-HE, 2013 WL 1915066, at *1 (W.D. Okla. May 8, 2013) (citing *Lefemine v. Wideman*, 133 S.Ct. 9, 184 L.Ed.2d 313).

Notably, a party may "prevail" at any of various stages of litigation before final judgment. *See Capitol Records, Inc. v. Foster*, No. CIV-04-1569-W, 2006 WL 4558154, at *4 (W.D. Okla. July 13, 2006) (finding defendant to be prevailing party when the plaintiff voluntarily dismissed her claims with prejudice); *see also Unemployed Workers Organizing Committee v. Batterton*, 477 F.Supp. 509, 512 (D. Md. 1979).

In civil rights cases such as this, where the prevailing ***defendant*** is seeking an award of attorney's fees, the defendant must show that the plaintiff's claims were meritless, groundless, or without foundation.  *Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980).  Stated differently, the claims must have been frivolous.

> Typical "frivolity" cases include those where summary judgment is decided in favor of the defendant or on a Fed.R.Civ.P. 41(b) motion for involuntary dismissal where the plaintiffs do not introduce any evidence in support of their claims.  A case is not frivolous where the plaintiffs provide sufficient evidence to support their claims.  ***Yet, where a plaintiff continues to litigate even after the claim was clearly groundless, frivolous, or unreasonable, an award of fees may be proper.***

*Boler v. Space Gateway Support Co*. LLC, 290 F.Supp.2d 1272, 1279-80 (M.D.Fla. 2003) (Internal citations omitted) (Emphasis added).

By way of example, federal courts have found the frivolity standard to have been satisfied where an at-will employee alleged a procedural due process violation, despite having no legal basis to do so.  *McGregor v. Bd. of County Com'rs for Palm Beach County, Fla.*, 130 F.R.D. 464, 467 (S.D. Fla. 1990) (affirmed 956 F.2d 1017).

Importantly, although a prevailing defendant must show either frivolity, unreasonableness, or a lack of foundation, it is not necessary to show subjective bad faith. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) ("[A] district court may in its discretion award attorney's fees to a prevailing defendant in a [civil rights] case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.")

## II.   THE COURT HAS DISCRETION TO AWARD ATTORNEY'S FEES PURSUANT TO ITS INHERENT POWERS.

In addition to the statutory bases discussed above, the Court also has at its disposal the inherent power to award attorney's fees where a party has acted in bad faith, or based on the misconduct of a party or its attorneys. *F.D. Rich Co. v. United States for Use of Indus. Lumber Co.*, 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974) (holding that the inherent power of the court to award attorney's fees applies where the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons").

In contrast to the standard discussed above in Part I (*i.e.* the standard for awarding fees on the Plaintiff's claims under Section 1983, Title VII, and the OADA), the type of bad faith necessary to support an award of fees pursuant to the Court's inherent powers requires a "finding of bad intent or improper motive by the guilty party . . . ." *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 765-66 (10th Cir. 1997). However, this type of bad faith or improper motive "may be found not only in the actions that led to the lawsuit, but also in the conduct of the litigation." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980).

## III.    THE EMPLOYEE DEFENDANTS ARE "PREVAILING PARTIES."

The Employee Defendants have successfully defeated the claims filed against them by the Plaintiff and should be considered the prevailing parties.  As to the Plaintiff's Section 1983 claims, the Employee Defendants' status as prevailing parties arises from the Court's granting of the Employee Defendants' second Motion to Dismiss.  (Doc. 32).

With respect to the remainder of the Plaintiff's originally-filed claims, the Employee Defendants became prevailing parties when the Plaintiff voluntarily dropped and intentionally excluded these claims from her First Amended Complaint.

> With respect to the more calculating plaintiff, who voluntarily withdraws his complaint "to escape a disfavorable judicial determination on the merits," the balance tips in favor of the counter policy to discourage the litigation of frivolous, unreasonable, or groundless claims.  Any rule that categorically forecloses the possibility of a defendant being found a prevailing party in such circumstances could seriously threaten the effectuation of this policy. A plaintiff could bring a groundless civil rights claim and avoid the consequences contemplated pursuant to [Section] 1988 by merely dismissing his claim before adjudication. Under this construction of the law, the plaintiff would not only be able to shirk responsibility for his actions but also would be inequitably positioned to strip the defendant's protection, as contemplated under [Section] 1988, from burdensome litigation with no legal or factual foundation.

*Dean v. Riser*, 240 F.3d 505, 510 (5th Cir. 2001) (Internal citations omitted).

## IV.    THE PLAINTIFF'S SECTION 1983 CLAIMS, TITLE VII CLAIMS, AND OADA CLAIMS WERE FRIVOLOUS AND THE EMPLOYEE DEFENDANTS SHOULD BE AWARDED ATTORNEY'S FEES.

As pointed out in the Employee Defendants' original Motion to Dismiss (Doc. 17), the Plaintiff's claims under Title VII and the OADA were legally deficient from the start because neither Title VII nor the OADA authorizes individual capacity suits.  The

frivolity of these claims was subsequently underscored when the Plaintiff made clear that the Employee Defendants played no substantive role in the termination decision. To name an employee in his or her individual capacity as a defendant in a wrongful termination case is clearly done in bad faith when the plaintiff also claims that such persons really had nothing to do with the plaintiff's termination.

The Plaintiff's Section 1983 claim for an alleged due process violation was also plainly frivolous at the time it was filed. The Plaintiff's claimed property interest in her job was clearly undermined by her admission that she was an at-will employee. (Doc. 21, ¶ 56). The filing of such a claim justifies an award of fees pursuant to Section 1988. *McGregor v. Bd. of County Com'rs for Palm Beach County, Fla.*, 130 F.R.D. 464, 467 (S.D. Fla. 1990) (affirmed 956 F.2d 1017).

Likewise, the Court's dismissal of the Plaintiff's Section 1983 claims for alleged violations of her first amendment rights of speech should warrant an award of fees to the Employee Defendants. The Plaintiff's original petition made clear that the speech in question was part of her official job duties. (Doc. 1-1). This deficiency was pointed out to the Plaintiff when the Employee Defendants, the Board, and the Department filed motions to dismiss this claim on precisely this basis. Despite having full knowledge of the legal arguments undermining this claim, the Plaintiff persisted by including this claim in her First Amended Complaint.

**V.    THE EMPLOYEE DEFENDANTS SHOULD BE AWARDED THEIR ATTORNEY'S FEES ON THE PLAINTIFF'S REMAINING CLAIMS PURSUANT TO THE COURT'S INHERENT POWERS.**

While an award of attorney's fees pursuant to the Court's inherent powers admittedly requires the satisfaction of a more exacting standard, the Employee Defendants submit that the use of such powers is appropriate in this case for the following reason:  The Plaintiff sued four state employees, in their individual capacity, on nine claims of wrongful termination, while simultaneously holding the belief that none of these four individuals even had the power or authority to terminate her.

The above-referenced flaw in the Plaintiff's claims is so fundamental that the Employee Defendants are hard-pressed to imagine any reason they were sued individually, other than for the improper purpose of gaining leverage against the Board and the Department by suing their "Leadership Team" individually (on specious claims).

<u>CONCLUSION</u>

Terri White, Durand Crosby, Cratus Dewayne Moore, and Ellen Buettner were named as defendants in this case on frivolous claims, and as a result, the State incurred attorney's fees in order to have such claims dismissed and/or voluntarily withdrawn.  As noted above, the claims were flawed from the start with deficiencies that the Plaintiff knew when the case was filed.  Accordingly, the Employee Defendants respectfully request that the Court award them their attorney's fees, so that the State can be reimbursed for this needless expenditure.

If this motion is granted, the Employee Defendants will submit affidavits and other supporting evidence of the attorney's fees incurred, so that the Court may determine the amount of attorney's fees that should be awarded.

Respectfully submitted,

/s Jeremy Tubb_____
Jeremy Tubb, OBA # 16739
Matthew S. Panach, OBA #22262
FULLER, TUBB, BICKFORD & KRAHL, PLLC
201 Robert S. Kerr, Suite 1000
Oklahoma City, OK 73102
Telephone: (405) 235-2575
Fax: (405) 232-8384
jeremy.tubb@fullertubb.com
panach@fullertubb.com
*Attorneys for Defendants Terri White, Durand Crosby, Cratus Dewayne Moore, and Ellen Buettner*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of June, 2015, I electronically transmitted the foregoing document to the Court Clerk using the ECF System for filing.  The Court Clerk will transmit a Notice of Electronic Filing to the following ECF registrants:

Rachel L. Bussett, OBA #19769
Bussett Law Firm, PC
3555 NW 58th St., Suite 1010
Oklahoma City, OK 73112
rachel@bussettlaw.com
*Attorneys for the Plaintiff*

Victor F. Albert, OBA#12069
CONNER & WINTERS, LLP
1700 One Leadership Square
211 North Robinson
Oklahoma City, OK 73102
valbert@cwlaw.com
*Attorney for Defendants State of Oklahoma ex rel The Oklahoma Department of Mental Health and Substance Abuse Services and The Board of Directors for The Oklahoma Department of Mental Health and Substance Abuse Services*

/s Jeremy Tubb_____
Jeremy Tubb