IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KIMBERLY POFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-1438-C |
| | ) | |
| STATE OF OKLAHOMA ex rel. THE | ) | |
| OKLAHOMA DEPARTMENT OF | ) | |
| MENTAL HEALTH AND | ) | |
| SUBSTANCE ABUSE SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff was employed by Defendant Department of Mental Health and Substance Abuse Services as an inspector general. Following her termination by Defendants, she filed the present action raising a number of claims under the United States and Oklahoma Constitutions, as well as claims for violation of federal employment laws and state tort law-based claims. Defendants filed Motions to Dismiss and Plaintiff responded by filing an Amended Complaint. Finding several defects in the Amended Complaint, Defendants renewed their Motions to Dismiss. The Court dismissed several of Plaintiff's claims, leaving only a claim for gender discrimination in violation of 42 U.S.C. §§2000e *et seq.*, ("Title VII"). See Dkt. Nos. 31 & 32. Asserting the undisputed facts warrant judgment, Defendants have filed a Motion for Summary Judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## **DISCUSSION**

Because Plaintiff offers no direct evidence of discrimination, her claims must be analyzed under the familiar burden-shifting framework outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). To establish a prima facie case of gender discrimination, Plaintiff must first demonstrate that (1) she is a member of a protected class,; (2) she was qualified for the position she held; (3) she suffered an adverse employment action; and (4) the adverse action occurred in circumstances giving rise to an inference of discrimination. Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 142-43 (2000). Defendants concede that Plaintiff has established a prima facie case. Thus, the burden now shifts to Defendants to articulate a legitimate, nondiscriminatory explanation for the termination decision. Rivera v. City and Cnty of Denver, 365 F.3d 912, 920 (10th Cir. 2004). Contrary to Plaintiff's argument, Defendants do not face a heavy burden at this stage. Indeed, Defendants' "burden is one of production, not persuasion; it can involve no credibility assessment." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000) (internal quotation marks omitted). The Tenth Circuit has characterized Defendants' burden as "exceedingly light." See E.E.O.C. v. C.R. England, Inc., 644 F.3d 1028, 1043 (10th Cir. 2011)(citation omitted). Defendants have met their obligation, stating that Plaintiff was terminated because she violated internal policy by failing to maintain confidentiality with respect to investigations within the Department; she encouraged – or at least condoned – Delong's inappropriate investigative techniques; and she was untruthful about her actions

3

with respect to each. The burden now shifts to Plaintiff to demonstrate questions of fact exist as to whether these reasons were a mere pretext.

At the outset the Court notes Plaintiff faces a steep climb in establishing pretext. It is undisputed that Plaintiff was hired and fired by the same person.[1] When an "'employee was hired and fired by the same person within a relatively short time there is a strong inference that the employer's stated reason for acting against the employee is not pretextual.'" Antonio v. Sygma Network, Inc., 458 F.3d 1177, 1183 (10th Cir. 2006)(quoting Proud v. Stone, 945 F.2d 796, 798 (4th Cir. 1991)). With this inference in mind the Court will consider Plaintiff's arguments regarding pretext.

In finding Plaintiff had failed to maintain confidentiality about investigations, Defendant relied upon the investigation of Mr. Milnes. Mr. Milnes was an independent investigator hired by Defendants. As part of his investigation, Mr. Milnes interviewed an employee regarding the employee's conversations with Plaintiff. Mr. Milnes determined that Plaintiff had improperly discussed facts about an ongoing investigation with the employee. Plaintiff argues that the Court cannot rely on Mr. Milnes' affidavit because it does not pass muster under Fed. R. Civ. P. 56(c)(4). According to Plaintiff, Mr. Milnes' affidavit contains hearsay and offers conclusions that are not based on personal knowledge. However, Mr. Milnes' affidavit plays no role in the Court's decision. It does not provide proof of Defendants' nondiscriminatory basis but sets forth the information provided to Defendants

---

[1] Although Plaintiff "disputes" Defendants' fact on this issue, her dispute is not with who fired her but with the process by which she was fired.

that led to the termination decision. Thus, it is not necessary that the Court find the affidavit admissible, only that Mr. Milnes' investigation provided nondiscriminatory grounds for Defendants' decision to terminate Plaintiff. As the Tenth Circuit has explained:

> In determining whether the proffered reason for a decision was pretextual, we examine the facts as they appear to the person making the decision, Zamora [v. Elite Logistics, Inc.], 478 F.3d [1160] at 1166 [(10th Cir. 2007)](quoting Watts v. City of Norman, 270 F.3d 1288, 1295 (10th Cir.2001)); we do not look to the plaintiff's subjective evaluation of the situation, see McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1130 (10th Cir.1998).

E.E.O.C. v. C.R. England, Inc., 644 F.3d 1028, 1044 (10th Cir. 2011). The issue surrounding Mr. Milnes' investigation is not whether the facts contained therein are true but whether Defendants believed those facts to be true when they decided to terminate Plaintiff. See Sorbo v. United Parcel Serv., 432 F.3d 1169, 1178 (10th Cir.2005) (the relevant inquiry concerns the belief of the employer that the employee engaged in misconduct, not whether the actual facts, as shown by evidence extrinsic to the employer's assessment, may have been otherwise.) "[A]n employer's exercise of erroneous or even illogical business judgment does not constitute pretext." Reynolds v. Sch. Dist. No. 1, 69 F.3d 1523, 1535 (10th Cir. 1995). Plaintiff offers no evidence demonstrating Defendants did not believe the facts found by Mr. Milnes in his investigation to be true and to provide grounds for her termination. Thus, Plaintiff has failed to show that Defendants' reliance on Mr. Milnes' investigation was pretextual.

Alternatively, Plaintiff argues that other similarly situated male employees were treated differently that her. However, as Defendants set forth in their brief, each of the

5

purportedly similarly situated employees reported to a different supervisor. The Tenth Circuit has defined who are similarly situated employees: "'Similarly situated employees are those who deal with the same supervisor and are subject to the same standards governing performance evaluation and discipline.'" Aramburu v. Boeing Co., 112 F.3d 1398, 1404 (10th Cir. 1997)(quoting Wilson v. Utica Park Clinic, Inc., No. 95-5060, 76 F.3d 394, 1996 WL 50462 (10th Cir. Feb.7, 1996)). Thus, Plaintiff has failed to demonstrate that the other employees were similarly situated. Even if she had, her claim of disparate treatment would fail as she has not shown that Defendants considered the actions of the alleged similarly situated employees as comparable to Plaintiffs' conduct. See Riggs v. AirTran Airways, Inc., 497 F.3d 1108, 1121 (10th Cir.2007)(rejecting plaintiff's contention that other employees' infractions were "egregious and immediately terminable" where there was no evidence the employer considered them as egregious as plaintiff's conduct involving customer mistreatment). Defendant has demonstrated that each of the other employees who engaged in conduct deemed as serious as Plaintiff were also terminated. Plaintiff has failed to demonstrate disparate treatment. Because Plaintiff has failed to demonstrate Defendants' reasons for terminating her were pretextual, her claim must fail.

## CONCLUSION

For the reasons set forth herein, the Motion for Summary Judgment by Defendants State of Oklahoma Ex Rel. The Oklahoma Department of Mental Health and Substance Abuse Services And the Board of Directors for the Oklahoma Department of Mental Health and Substance Abuse Services (Dkt. No. 59) is GRANTED. A separate judgment will issue.

IT IS SO ORDERED this 28th day of April, 2016.

ROBIN J. CAUTHRON
United States District Judge